**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC TUTSTONE, | ) | CASE NO: 1:12-CV-2963 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| BRUCE GARNER, | ) | |
| | ) | |
| Defendant. | ) | **Report and Recommendation** |
| | ) | **(Doc. No. 24)** |

This case is before the United States Magistrate Judge on referral for general pretrial supervision, including the preparation of reports and recommendations for the disposition of case dispositive motions. (Doc. No. 7.) This case arises out of Plaintiff Eric Tutstone's ("Plaintiff" or "Tutstone") claim that Defendant, Cleveland Police Officer Bruce Garner ("Defendant" or "Garner") used excessive force while arresting Tutstone on December 9, 2010. Currently pending before the Court is the Motion for Judgment on the Pleadings filed by Defendant Bruce Garner ("Garner"). (Doc. No. 24.) Garner argues that he is entitled to judgment on the pleadings in this case because the issue of whether he used excessive force has already been determined and, thus, Plaintiff's claim is barred by collateral estoppel. For the reasons set forth below, the United States magistrate judge recommends that this Court GRANT the Motion for Judgment on the Pleadings.

# I. Background

## A. Relevant Facts

### 1. Criminal Proceedings

On December 9, 2010, members of an FBI Violent Crimes Task Force, which consisted of federal and state agents, arrested Tutstone in downtown Cleveland after he accepted money from a federal informant in exchange for his 16-year old female neighbor, whom he believed the informant intended to use for sexual purposes or in the sex industry. *United States v. Tutstone*, 525 F. App'x 298, 299 (6th Cir. 2013). After Tutstone was arrested, the FBI task force members questioned him and he gave a written confession. The Government subsequently charged Tutstone with juvenile sex trafficking and financially benefitting from juvenile sex trafficking. *Id*. During his criminal proceedings, Tutstone filed a motion to suppress his post-arrest statements to the members of the task force, on the basis that he had been assaulted and abused by the officers and, thus, was confused during the questioning. (Transcript of Suppression Hearing ("Tr.") at 3, Doc. No. 24-3.)

On July 11, 2011, the district court judge assigned to Tutstone's criminal case conducted a hearing on his motion to suppress. (Tr. at 1.) The judge noted that Tutstone argued that his statement was not voluntary because "he was assaulted or otherwise abused in the process of arrest and that caused confusion which carried over into his interview or interrogation." (Tr. at 3.) Defendant Garner, who had arrested Tutstone, testified at the hearing. (Tr. at 6-11.) During direct examination, Garner

2

described the circumstances of Tutstone's arrest, and testified that Garner had not offered more than minor resistance to the arrest, did not appear to be injured, and did not complain of any injury while in Garner's presence. (Tr. at 8-11.) Cuyahoga County Sheriff John Morgan testified that he interviewed Tutstone after his arrest, and stated that Tutstone did not appear to be injured or confused during questioning. (Tr. at 15-24.) FBI Special Agent Timothy Kolonick, who also interviewed Tutstone after his arrest, testified that Tutstone did not appear to be injured, and did not complain of injuries during the interview. (Tr. 27.) Tutstone, *pro se*,[1] cross-examined Garner and Morgan. (Tr. at 11-12, 24.) He declined to cross-examine Kolonick. (Tr. at 33.)

At the conclusion of the Government's evidence, Tutstone argued that he was unable to present any evidence as a result of his incarceration. (Tr. 36.) The court rejected this argument:

> Well, sir, whether you're incarcerated or not, just so it's clear for the record, the Court has provided defendant with – made certain he has been provided with copies of all the necessary papers and pleadings. And I believe this document, all of the documents referenced herein have been disclosed on more than one occasion to prior counsel for the defendant as well as the defendant. So just noting that for the record.

(Tr. 36.) The court offered Tutstone the opportunity to make a closing statement regarding the motion to suppress, but Tutstone declined to do so. (Tr. 38.)

---

[1] Although he was originally assigned counsel from this Court's Criminal Justice Act panel, Tutstone eventually elected to proceed *pro se* during his portions of criminal proceedings, including the hearing on his motion to suppress. (N.D. Ohio No. 1:11-CR-4, Entry at 06/27/2011.)

The court denied the motion to suppress:

> All right.  The court will note for the record the government has clearly established the statement made by the defendant was freely and voluntarily made.  There is no evidence in any fashion that he was either abused physically or that his confession was coerced.  None whatsoever.
>
> And so, in fact, the motion to suppress will be overruled, and obviously the defendant's statements and his written statements will be admitted at trial along with all the other evidence related to his . . . statements and conduct.

(Tr. 38-39.)  After trial, a jury convicted Tutstone of juvenile sex trafficking and financially benefitting from juvenile sex trafficking.  (N.D. Ohio No. 1:11-CR-4, Entry at 12/14/2011.)  In March 2012, the trial court sentenced Tutstone to two concurrent 135-month terms of imprisonment.  *Tutstone*, 525 F. App'x at 301.  On direct appeal, Tutstone, through counsel, challenged his conviction on several evidentiary bases, but did not challenge the trial court's denial of his motion to suppress.  *Id*. at 299.  In April 2013, the Sixth Circuit affirmed Tutstone's conviction.  *Id*. at 305.

**B.    Procedural History**

In November 2012, Tutstone, *pro se* and *in forma pauperis*, filed in this Court an action under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), naming Garner, *inter alios*, as a defendant and alleging, *inter alias*, that Garner violated his constitutional rights by using excessive force during his arrest on December 9, 2010.  (Doc. No. 1.)[2]

---

[2] Tutstone's complaint also named Morgan, Kolonick, John Doe Federal Agents and the Corrections Corporation of America as defendants, and alleged additional claims of excessive force, failure to protect him from excessive force, and deliberate indifference to his medical needs.  (Doc. No. 1.)  In May 2013, this Court, pursuant to

4

Specifically, Tutstone alleges that Garner broke his jaw by throwing Tutstone against a vehicle and applying pressure to Tutstone's head, jaw and face. (Doc. No. 1 at ¶¶ 17-32.) In December 2013,[3] Garner filed an Answer and a Motion for Judgment on the Pleadings. (Doc. Nos. 22, 24.) To date, Tutstone has not filed any opposition to the Motion for Judgment on the Pleadings.[4]

## II. Motion for Judgment on the Pleadings

### A.     Material Outside the Pleadings

In support of his motion, Garner refers to, and has attached a copy of the transcript of the July 2011 suppression hearing. (Doc. Nos. 24, 24-3.) Generally, the Federal Rules of Civil Procedure preclude a district court from considering materials outside the pleadings without treating the motion as one requesting summary judgment:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the

---

28 U.S.C. § 1915, dismissed all of Tutstone's claims except his excessive force claim against Garner. (Doc. No. 6.)

[3] Tutstone initially attempted to serve Garner at the office of the United States Marshal, which declined to accept service because Garner was not employed there. Tutstone finally successfully served Garner at a Cleveland police station in July 2013. In August 2013 an assistant United States attorney entered an appearance on Garner's behalf, but then requested and received multiple extensions of time to determine whether the Department of Justice would defend Garner, a city police officer who was working on a federal task force, in this matter. Eventually, Garner retained private counsel, who entered an appearance in December 2013. (*See* Doc. Nos. 8, 10, 11, 14, 15, 17, 18, 19, 21.)

[4] The certificate of service that accompanies the Motion for Judgment on the Pleadings reflects that Garner sent a copy of the motion to Tutstone via regular United States mail. (Doc. No. 24.)

> court, the motion must be treated as one for summary
> judgment under Rule 56. All parties must be given
> reasonable opportunity to present all material that is
> pertinent to the motion.

Fed. R. Civ. P. 12(d). There are, however, exceptions to this general rule, as a court "may . . . consider public records, matters of which a court may take judicial notice, and lette decisions of governmental agencies." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds*, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Defendant does not address the question whether his reliance on the suppression hearing transcript requires this Court to convert his motion to one seeking summary judgment. That failure, however, does not preclude this Court from granting his motion, however, because the transcript of Tutstone's suppression hearing is a public record that is capable of judicial notice. *See, e.g.,* Berera v. MESA Med. Group, No. 5:13-CV-294, 2014 WL 29386, *2 (E.D. Ky. Jan. 3, 2014) (holding that the district court, in deciding a motion under Rule 12(b)(6), could consider the transcript of a hearing conducted in a different court because "it is a public record that is capable of judicial notice"); *see* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be questioned."). While a court may take judicial notice of a hearing transcript, however, it may not do so for the truth of the matters asserted therein. Berera, 2014 WL 29386 at * 2; *see* Passa v. City of Columbus, 123 F. App'x 694, 697 (6th Cir. 2005) ("[E]ven a judicial opinion may not be

relied upon, in a motion to dismiss, for the truth of the facts within."). Accordingly, while this Court may not consider the contents of the suppression hearing transcript for the truths of the matters asserted therein – i.e., the content of the testimony offered – it may consider the transcript to reflect the fact that the hearing occurred, that certain issues were considered, that both sides were permitted to present evidence and cross-examine witnesses regarding Tutstone's motion to suppress, and that the trial court denied the motion.

**B.     Legal Standard and Analysis**

In reviewing a motion for judgment on the pleadings, a court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

In his Motion, Garner argues that Tutstone's claim is barred by issue preclusion because the trial court in Tutstone's criminal case already decided the issue of whether Garner used excessive force while arresting Tutstone. Under the doctrine of issue preclusion – also known as collateral estoppel – "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine applies when: "(1) the issue in the subsequent litigation is identical to that resolved in

the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue." *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005). Because all elements of the doctrine of issue preclusion are present in this case, Tutstone is precluded from re-litigating the issue of whether Garner used excessive force in arresting him, and this Court should grant Garner's motion and dismiss Tutstone's Complaint. *See, e.g., Prokos v. City of Athens,* 118 F. App'x 921, 926-27 (6th Cir. 2004) (in a § 1983 case, applying issue preclusion to preclude the plaintiff from relitigating the issue of whether there was probable cause to support a search warrant because the matter had already been litigated in the related state court criminal matter in the plaintiff's motion to suppress).

In his motion to suppress his post-arrest statements, Tutstone argued that he was "assaulted or otherwise abused in the process of the arrest," and, thus, his post-arrest statements were not voluntarily made. (Tr. at 3.) In his Complaint, Tutstone alleges that Garner used "excessive force" when he assaulted Tutstone during his arrest, specifically by slamming Tutstone's face into a vehicle, and applying "extreme pressure" to Tutstone's head, jaw and face, eventually breaking Tutstone's jaw. (Doc. No. 1 at ¶¶ 17-32.) Accordingly, although framed somewhat differently, in each proceeding, the relevant issue was whether Garner assaulted Tutstone while arresting

8

him on December 9, 2010.  This satisfies the first element of the doctrine of issue preclusion.

Further, the transcript reflects that, during the hearing, the Government and Tutstone each adduced evidence regarding the circumstances of Tutstone's arrest and whether he was subjected to physical violence.  It also reflects that the trial court denied Tutstone's motion to suppress on the basis that "there is no evidence in any fashion that [Tutstone] was either abused physically or that his confession was coerced."  (Tr. at 39.)  Accordingly, the issue of whether Garner assaulted Tutstone during his arrest was "actually litigated and decided" during the suppression hearing, and, thus, the second element of issue preclusion is satisfied.  Moreover, because his claim that Garner had assaulted him was Tutstone's basis for contending that his post-arrest statement was not voluntary, the issue of whether Garner assaulted him was necessary and essential to the trial court's determination of Garner's motion to suppress.  Thus, the third element of issue preclusion is satisfied.

The fourth element of issue preclusion is clearly satisfied in this case, as Tutstone was the defendant in the relevant criminal proceedings and is the plaintiff in this matter.  Finally, the transcript reflects that Tutstone had a full and fair opportunity to litigate the issue of whether Garner assaulted him during the arrest on December 9, 2010, as the trial court permitted Tutstone to cross-examine each of the Government's witnesses at the suppression hearing, and offered him the opportunity to present evidence of his own, and to make a closing statement.  Accordingly, the fifth and final

element of issue preclusion is satisfied in this case.  See *Prokos*, 118 F. App'x at 927 (concluding that the plaintiff had a full and fair opportunity to litigate the issue of probable cause even where the trial court had denied his request for an evidentiary hearing on his motion to suppress, noting that the plaintiff "was able to place his arguments on the record relative to the alleged basis for an order of suppression." Accordingly, all the elements of issue preclusion are satisfied in this case, and, thus, the doctrine precludes Tutstone from relitigating the issue of whether Garner assaulted him during his arrest on December 9, 2010.

### III. Conclusion

For the foregoing reasons, the magistrate judge recommends that this Court GRANT the Motion for Judgment on the Pleadings and dismiss Plaintiff's complaint.

                 s/ *Nancy A. Vecchiarelli*
                 UNITED STATES MAGISTRATE JUDGE

Date: February 4, 2014

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**