**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC TUTSTONE,** | ) | **CASE NO. 1:12CV2963** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **BRUCE GARNER,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objections to Magistrate's Report and Recommendation (ECF DKT #26), recommending that the Court grant the Motion for Judgment on the Pleadings, (ECF DKT#24). Plaintiff did not file an objection to the Motion. For the following reasons, the Court ADOPTS Magistrate Judge Vecchiarelli's Report and Recommendation and grants the Motion for Judgment on the Pleadings (ECF DKT#24).

**BACKGROUND**

Plaintiff was arrested on December 9, 2010 after he accepted money from a federal informant in exchange for his 16-year-old neighbor, whom he believed the informant intended to use in the sex industry. After questioning by the FBI, Plaintiff gave

a written confession and was subsequently charged with juvenile sex trafficking. During his criminal proceedings, Plaintiff filed a Motion to Suppress his post-arrest statements on the basis that he had been assaulted and abused by the officers and thus, was confused during the questioning. A hearing was held on the Motion to Suppress on July 11, 2011, and the Motion was denied. Plaintiff was convicted after a jury trial and sentenced to two concurrent 135 month terms of imprisonment. Plaintiff filed an Appeal but did not challenge the denial of his Motion to Suppress in his Appeal. The Sixth Circuit Court of Appeals affirmed the conviction.

Plaintiff filed this Complaint on November 30, 2012 against five Defendants, alleging his constitutional rights were violated by the use of excessive force during his arrest. All claims were previously dismissed except his excessive force claim against Defendant Garner.

## LAW AND ANALYSIS

In reviewing a motion for judgment on the pleadings, a court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

Generally, the Federal Rules of Civil Procedure preclude a district court from considering materials outside the pleadings without treating the motion as one requesting summary judgment:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). There are, however, exceptions to this general rule, as a court "may . . . consider public records, matters of which a court may take judicial notice, and

letter decisions of governmental agencies." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) , abrogated on other grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

In this case, Defendant provided a copy of the transcript of Plaintiff's Motion to Suppress hearing.  The Magistrate Judge correctly determined that the transcript is a public record and therefore, the contents may be considered for determining the fact that the hearing occurred, that certain issues were considered, that both sides were permitted to present evidence and cross examine witnesses and that the trial court denied the Motion.

In Defendant's Motion for Judgement on the Pleadings, he asserts that Plaintiff's claim should be dismissed pursuant to issue preclusion.  The Magistrate Judge points out that under the doctrine of issue preclusion – also known as collateral estoppel – "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on different cause of action involving a party to the prior litigation.*"* *Montana v. United States*, 440 U.S. 147, 153 (1979).  The doctrine applies when: "(1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue." *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005).

In his Objections to Magistrate Report and Recommendation, Plaintiff contends that a ruling from a prior criminal proceeding does not bar litigation of the same issue in a civil suit.  Plaintiff relies on *Darrah v. City of Oak Park*, 255 F.3d 301, 310-311 (6th Cir. 2002) to make his point.  In Defendant's Response to Plaintiff's Objection, he asserts that the issues are not identical.  The factual situation in this case is not similar to *Darrah*.

Unlike *Darrah*, the issues raised by Plaintiff at the suppression hearing and the issues raised in the Complaint regarding excessive force, are identical.

The Magistrate Judge points out that in Plaintiff's Motion to Suppress he argued that he was assaulted by Defendant and thus, his post-arrest statements were not voluntarily made. In his Complaint, Plaintiff alleges that Defendant used excessive force during the arrest.

The Court agrees with the Magistrate Judge that although framed somewhat differently, in each proceeding the relevant issue was whether Plaintiff was assaulted during the arrest. Plaintiff's Motion to Suppress was denied by the trial court on the basis that there was no evidence that Plaintiff was abused or assaulted, or that his confession was coerced, and was therefore the essential basis for denying the Motion. Clearly, Plaintiff had a full and fair opportunity to litigate the issue as the Defendant in the criminal proceedings. The Court finds that all the elements of issue preclusion are satisfied in this case.

## **CONCLUSION**

The Court finds that the Magistrate Judge thoroughly reviewed Defendant's argument that Plaintiff's excessive force claim is barred based on issue preclusion and correctly applied the pertinent law. Therefore, Defendant's Motion for Judgment on the Pleadings is GRANTED. Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**
**DATE: 3/13/14**

                                       **s/Christopher A. Boyko**
                                       **CHRISTOPHER A. BOYKO**
                                       **United States District Judge**