# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIC TUTSTONE, | ) CASE NO. 1:12CV2963 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| BRUCE GARNER, et al., | ) |
| Defendants. | ) ORDER |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion for Reconsideration/Motion for Stay.(ECF#34). Plaintiff files his Motion Pursuant to Rule 59(e), 72(a) and Local Rule 7.1(h)(3). Defendant has filed a Brief in Opposition. (ECF#35). Plaintiff filed a Reply to Defendant Garner's Brief in Opposition. (ECF#39). For the following reasons, the Court denies Plaintiff's Motion.

## BACKGROUND

Plaintiff was arrested on December 9, 2010 after he accepted money from a federal informant in exchange for his sixteen-year-old neighbor, whom he believed the informant intended to use in the sex industry. After questioning by the FBI, Plaintiff gave a written confession and was subsequently charged with juvenile sex trafficking. During his criminal proceedings, Plaintiff filed a Motion to Suppress his post-arrest statements on the basis that he had been assaulted and abused by the officers and thus, was confused during the questioning. A hearing was held on the Motion to

Suppress on July 11, 2011 and the Motion was denied. Plaintiff was convicted after a jury trial and sentenced to two concurrent 135 month terms of imprisonment. Plaintiff filed an Appeal but did not challenge the denial of his Motion to Suppress in his Appeal. The Sixth Circuit Court of Appeals affirmed the conviction.

Plaintiff filed a Complaint on November 30, 2012 against five Defendants, alleging his constitutional rights were violated by the use of excessive force during his arrest. On March 14, 2014, the Court filed its Order adopting the Magistrate Judge's Report and Recommendation to grant Defendant's Motion for Judgment on the Pleadings. In Defendant's Motion for Judgement on the Pleadings, he asserted that Plaintiff's claim should be dismissed pursuant to issue preclusion.

In the instant Motion, Plaintiff now claims that the Magistrate Judge misled the Court in her Report and Recommendation and that there is newly discovered evidence. Plaintiff further alleges that he was unable to present evidence at his Motion to Suppress hearing.

## **LAW AND ANALYSIS**

Plaintiff's Motion for Reconsideration based on Federal Rule 72(a) is not the proper basis for a Motion for Reconsideration. The Court considered the Magistrate's Report and Recommendation and the Plaintiff's Objection, and ruled on March 13, 2014 that the Plaintiff's claim be dismissed pursuant to issue preclusion. Therefore, Plaintiff's Motion pursuant to Rule 72(a) is denied.

Plaintiff's Motion for Reconsideration Pursuant to Local Rule 7.1(h)(3) is denied. The United States District Court, Northern District of Ohio, does not have a local rule 7.1(h)(3). There is a local rule 7.1(h). That rule states that "Any motion (other than

motions made during hearings or at trial) served and filed beyond the motion deadline established by the Court may be denied solely on the basis of the untimely filing." That local rule does not provide any support for Plaintiff's Motion for Reconsideration.

A court may grant a Rule 59(e) motion to alter or amend judgment where there is clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). In the instant Motion, Plaintiff has not alleged there has been a clear error of law or identified any intervening change in controlling law. Plaintiff asserts he was unable to obtain the evidence he needed for his hearing on his Motion to Suppress.

Newly proffered evidence is evidence that had previously been unavailable. *GenCorp,* 178 F.3d 804, 834. "Evidence is unavailable, so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before." *Turner v. Astrue, E.D.Ky.* No. CIV.A. 08-391, 2010 WL 4483961 (Nov. 1, 2010); citing *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995).

Plaintiff admits that the documents in question were attached as Exhibits to Plaintiff's Civil Complaint. The Court already considered this evidence prior to dismissing Plaintiff's case pursuant to issue preclusion and therefore, was not unavailable.

The final basis for a Rule 59(e) Motion to Alter or Amend Judgment exists where there has been a clear error of law or there is a need to prevent manifest injustice. Plaintiff must clearly establish a manifest error of law to prevail in a Rule 59(e) Motion

-3-

for Reconsideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Plaintiff has not alleged that there has been a clear error of law or a manifest injustice. The allegations Plaintiff pursues in the instant motion are simply an attempt to re-litigate the issues of his case. A party may not use a motion for reconsideration to re-argue a case. *Sault Ste. Marie Tribe of Chippewa Indians,* 146 F.3d 367, 374.

After careful review and consideration of Plaintiff's Motion, the Court finds that Plaintiff has offered no new law, nor presented any fact, which even if considered, necessitates a different conclusion. Plaintiff has not stated sufficient grounds for reconsideration of the Court's Order dismissing his case. Plaintiff has simply re-argued his position. Finding no grounds to support reconsideration of its Order of March 14, 2014, Plaintiff's Motion to Reconsider/Motion for Stay (ECF #34) is denied.

    IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: June 27, 2014